# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

| | |
|---|---|
| DAVID L. BAISDEN, ) | |
| ) | |
| Movant, ) | |
| v. ) | Civil Action No. 2:14-29059 |
| ) | Criminal Action No. 2:13-00209 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] (Document No. 50.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 52.)

## FACTUAL BACKGROUND

On October 1, 2013, Movant pled guilty to a single count Indictment charging him with affecting commerce by extortion, in violation of 18 U.S.C. § 1951. (Criminal Action No. 2:13-00209, Document Nos. 21 - 23.) A Presentence Investigation Report was prepared. (Id., Document No. 46.) The District Court determined that Movant had a Base Offense Level of 14, and a Total Offense Level of 17, the Court having applied the following: (1) a four-level enhancement pursuant to U.S.S.G. § 2C1.1(b)(3) because the offense involved an elected public official; (2) a two-level enhancement pursuant to U.S.S.G. § 3B1.1(c) because the defendant was an organizer, manager, or

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

supervisor of the criminal activity; and (3) a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b)." (Id., pp. 14 - 15.) The District Court sentenced Movant on January 29, 2014, to serve a 20-month term of incarceration to be followed by a three-year term of supervised release. (Id., Document No. 43.) The District Court also imposed a $100 special assessment and directed Movant to pay $7,726.45 in restitution. (Id.) Movant did not appeal his conviction or sentence to the Fourth Circuit Court of Appeals.

On November 26, 2014, Movant, acting *pro se*, filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum in Support. (Civil No. 2:14-29059, Document No. 50.) As grounds for *habeas* relief, Movant alleges as follows: (1) Prosecutorial misconduct; and (2) Ineffective assistance of counsel. (Id.) As Exhibits, Movant attaches the following: (1) A copy of the Transcript of his Sentencing Hearing (Id., pp. 13 - 52.); (2) A copy of newspaper articles entitled "Probation for ex-mayor" and "Assessor charged with banking violation" (Id., pp. 53 - 55.); and (3) A copy of Movant's pertinent medical records from the BOP (Id., pp. 56 - 60.)

**DISCUSSION**

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To succeed on a Section 2255 motion, the movant must prove that "his sentence or conviction was imposed in violation of the Constitution or law of the United States, that the court was without

jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006).

The filing of a Section 2255 motion does not supplant or obviate the need to file a direct appeal. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). The United States Supreme Court explains that "a final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). A non-constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion. Stone v. Powell, 428 U.S. 465, 478 fn. 10, 96 S.Ct. 3037, 3044 fn. 10, 49 L.Ed.2d 1067 (1976). A constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion unless the movant can show either (1) "cause and actual prejudice resulting from the errors of which he complains," or (2) "he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Id. at 493. Actual prejudice is shown by demonstrating that the error worked to movant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986)). "In order to demonstrate that a miscarriage of justice would result from the refusal of the court to

entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence. Mikalajunas, 186 F.3d at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent. Id. at 494. The movant must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Furthermore, a movant may not reassert a claim decided on direct review. In Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), cert. denied, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." An exception exists, however, when there has been an intervening change in the law which justifies consideration of a prior determination. See Davis v. United States, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974).

**1.     Prosecutorial Misconduct:**

Movant alleges that the Government engaged in prosecutorial misconduct by charging Movant based upon insufficient evidence. (Document No. 50, p. 5.) Specifically, Movant contends that the Government's act of charging Movant with violating the Hobbs Act (18 U.S.C. § 1951) was "politically motivated overreaching." (Id.) Movant appears to allege that he did not violate the Hobbs Act because (1) Movant did not receive a benefit from his alleged criminal conduct; and (2) "Goodyear Tire was not affected and did not lose business or money." (Id.)

Generally, Movant's allegation of prosecutorial misconduct in securing his indictment on the basis of insufficient evidence is one properly raised on direct appeal unless the alleged misconduct impacted Movant's constitutional rights. Movant's claim fails, however, first because

4

by pleading guilty, Movant waived his right to challenge the indictment process. See Dixon v. United States, 2012 WL 2508224 (S.D.W.Va.)( Chief Judge Chambers). Second, the undersigned notes that by his written Plea Agreement, Movant agreed to waive his rights to appeal his conviction and sentence directly and challenge them under Section 2255 except on grounds of ineffective assistance of counsel. (Criminal No. 2:13-00209, Document No. 23, pp. 5 - 6.) It is well established that a defendant may waive his right to appeal or collaterally attack his conviction and sentence if the waiver was entered into knowingly and voluntarily. See United States v. Johnson, 410 F.3d 137 (4th Cir. 2005); United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). "To determine whether a waiver is knowing and intelligent, this court examines 'the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with th terms of the plea agreement.'" United States v. Johnson, 480 Fed.Appx. 229, 230 (4th Cir. 2012)(citation omitted). Generally the waiver is valid and enforceable, if a court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy. Id.

Movant's plea agreement and appellate waiver were voluntary. In his Motion, Movant acknowledges that he "did plea guilty and does not, and will not, make any attempt to withdraw his guilty plea." (Civil Action No. 2:14-29059, Document No. 50, p. 5.) During the Plea Hearing, the District Court thoroughly questioned Movant regarding whether his decision to plead guilty was voluntary. (Criminal Action No. 2:13-00209, Document No. 39.) Specifically, the District Court questioned Movant as follows:

> Q. Now, let me ask you, did you agree to this plea agreement when it was reached and your attorney's informed of it and then worked it out with the Government?
>
> A. Yes, sir.
>
> Q. And did you agree to it when you signed it?

>   A.   Yes, sir.
>
>   Q.   Do you agree - - do you agree to it now?
>
>   A.   Yes, sir.
>
>   * * *
>
>   Q.   Have you been threatened by anyone in any way or has anyone used any means of intimidation, coercion, or pressure to induce you to enter a plea of guilty against your will?
>
>   A.   No, sir.
>
>   * * *
>
>   Q.   Do you then offer to enter your plea of guilty voluntarily and of your own free will?
>
>   A.   Yes, sir.

(Id., pp. 24, 31 - 32.) The undersigned, therefore, concludes that Movant's appellate waiver was voluntary.

Movant's waiver was knowing and intelligent. A review of the plea agreement reveals that the waiver was clear and unambiguous. Specifically, the plea agreement stated, in pertinent part, as follows:

> Mr. Baisden also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

(Criminal Action No. 2:13-00209, Document No. 23, p. 5, ¶ 12.) Considering Movant's educational background, the record reveals that Movant has a high school education. (Id., Document No. 39, p. 3.) During the Plea Hearing, the terms of the plea agreement and appellate waiver were thoroughly reviewed with Movant and he acknowledged that he understood the terms and consequences of

signing the plea agreement. (Id., pp. 11 - 32.) During the Rule 11 colloquy, the District Court inquired as follows:

> Q. . . . That gets us to the next paragraph where it's noted that if the Court sentences you within the advisory guideline range that equates to this figure of 20 that is set forth here, or that is either within that range or below it, you forever waive your right to appeal your conviction and sentence in this case. Do you understand that?
>
> A. Yes, sir.
>
> Q. And in this same paragraph, you waive one other very important right as well. In addition to one's right to appeal, after appellate rights have been exhausted or not used at all, one may have a basis for what's called a collateral attack on one's sentence and conviction. And that's a kind of habeas proceeding or a Section 2255 motion as we call it. You're also waiving that right as well.
>
> Do you understand that?
>
> A. Yes, sir.
>
> Q. And there's only one exception to all that I've told you about those waiver, and it is this: You do retain the right to appeal or more likely collaterally attack your sentence and conviction on the ground of ineffective assistance of counsel. That's the only ground left to you. Do you understand that?
>
> A. Yes, sir.

(Id., pp. 21 - 22.) Based on the foregoing, the undersigned finds that Movant's appellate waiver was knowing and intelligent. Thus, Movant waived his right to challenge the validity of his conviction and sentence.[2]

Even considering Movant's claim on the merits, it is clear that his claim is without merit. Movant contends that the facts of his alleged criminal conduct could not have supported a conviction

---

[2] In the "Conclusion" section of his Section 2255 Motion, Movant argues that his "restitution is incorrect." (Civil Action 2:14-29059, Document No. 50, p. 12.) To the extent Movant is challenging his restitution, the undersigned finds that such a claim is precluded by his appellate waiver.

for violating the Hobbs Act. A review of the transcripts from the Plea Hearing reveals that the District Court thoroughly reviewed the charge contained in the Indictment. (Criminal Action No. 2:13-00209, Document No. 39, pp. 5 - 9.) Additionally, the District Court specifically described the essential elements the offense in which the Government would be required to prove beyond a reasonable doubt to convict Movant of the charge contained in the Indictment. (Id., pp. 9 - 11.) Movant acknowledged that he understood the charge contained in the Indictment and the essential elements of the offense. (Id., pp. 8 - 11.) Movant further agreed to the Stipulation of Facts attached to the Plea Agreement and acknowledged that he committed the essential elements of the offense contained in the Indictment. (Id., pp. 15 - 19, 38.) Specifically, the District Court inquired as follows:

> Q. Did you do the acts to which you pled guilty, as more fully set forth in the indictment in the case?
>
> A. Yes, sir.
>
> Q. At the time you did those acts, did you know and understand and intend what you were doing?
>
> A. Yes.
>
> Q. Are you pleading guilty then because you are, in fact, guilty of that which is charged in the indictment in this case?
>
> A. Yes, sir.

(Id., p. 38.) Accordingly, the undersigned finds that as a matter of law and by virtue of his Plea Agreement, Movant waived his right to claim prosecutorial misconduct in the indictment process and otherwise admitted the conduct alleged in the Indictment. His claim of prosecutorial misconduct is therefore without merit and should be dismissed.

**2.    Ineffective Assistance of Counsel:**

Indigent criminal defendants have the constitutional right to effective assistance of counsel through direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v.

9

Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S.Ct. 1219, 117 L.Ed.2d 456 (1992).

### A. Counsel's alleged misrepresentation regarding sentencing.

A guilty plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant."North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed. 2d 162 (1970). The United States Supreme Court held in Mabry v. Johnson, 467 U.S. 504, 508, 104 S.Ct. 2543, 2546 - 47, 81 L.Ed.2d 437 (1984), "[i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Once a criminal defendant has pled guilty, collateral review is limited to an examination of "whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569, 109 S. Ct. 757, 102 L.Ed.2d 927 (1989); see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1294 - 95 (4th Cir. 1992). A guilty plea will be deemed involuntary if it is entered without knowledge of material information withheld by the prosecution. See for example Sanchez v. United States, 50 F.3d 1448, 1453 (9th Cir. 1995)(A defendant

10

challenging the voluntariness of a guilty plea may assert a claim under Brady that the prosecution withheld evidence favorable to the defendant and material to guilt or punishment when defendant requested it.).

In his Motion, Movant alleges that his plea was made unknowingly because trial counsel failed to adequately explain Movant's sentencing exposure. (Civil Action No. 2:14-29059, Document No. 50, pp. 6 - 7.) Specifically, Movant explains that he "was under the belief and impression that he would receive probation" and "petitioner was not sentenced to probation as counsel stated." (Id.) Movant claims that he "had never been involved in anything like this charge and did not know the Hobbs Act from a simple minor criminal charge." (Id., p. 6.) The record in this case, however, reflects that Movant's guilty plea was voluntary and made with full knowledge of its consequences.[3] The written plea agreement provided that "Mr. Baisden will plead guilty to a violation of 18 U.S.C. §1951 (affecting commerce by extortion) as charged in said indictment." (Criminal No. 2:13-00209, Document No. 23, p. 1.) The written plea agreement spelled out the maximum sentence to which Movant was subject by virtue of his plea. (Id., pp. 1 - 2.) The plea agreement further stated at Paragraph 14 that "[t]he matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to the specific sentence." (Id., p. 6.) At Movant's October 1, 2013, Plea Hearing, the District Court informed Movant of the maximum sentence to which he was subject and elicited Movant's statement that he knew that his sentence was in the Court's discretion. (Id., pp. 13, 29 - 32.) Specifically, Movant acknowledged that he was pleading guilty "with the full knowledge of the consequences of [his] plea, including the possible penalty that the Court may in this case impose, which is the maximum term of

---

[3] Movant does not appear to dispute that his plea was entered into "willingly." (Civil Action No. 2:14-29059, Document No. 50, pp. 6 - 7.)

imprisonment and fine and supervised release [the Court] told [him] about and which is also set forth in the plea agreement." (Id., p. 32.) Finally, the District Court further found that Movant's plea was not the result of any promises or threats. (Id., pp. 31 - 32.) Specifically, the District Court inquired as follows:

> Q. Other than your written plea - - well, I should say, other than your plea agreement, the written plea agreement that's been filed and read here today, have you been made any promises by anyone of leniency or light sentence or probation?
>
> A. No, sir.
>
> Q. Have you been threatened by anyone in any way or has anyone used any means of intimidation, coercion, or pressure to induce you to enter a plea of guilty against your will?
>
> A. No, sir.
>
> * * *
>
> Q. Now, back to your written plea agreement filed and read here today. Is that the entire agreement between you and the United States?
>
> A. Yes, sir.
>
> Q. Are there any side agreement of any kind?
>
> A. No, sir.

(Id.) Movant further acknowledged that he was satisfied with the representation of trial counsel. (Id.) Based on the foregoing, the undersigned finds Movant's allegation that his plea was entered into unknowingly due to ineffective assistance of counsel, specifically misrepresentations of his attorney respecting his sentence, is without merit.

**B.      Counsel's failure to object to sentencing enhancements.**

Movant argues that trial "counsel did not properly argue the sentence enhancements resulting in him being ineligible for a 2 point safety valve reduction." (Civil Action No. 2:14-29059,

Document No. 50, pp. 7 - 9.) Movant argues that he improperly received sentencing enhancements pursuant to U.S.S.G. § 3B1.1 for being an organizer or leader and pursuant to U.S.S.G. § 3B1.3 for abusing a position of trust. (Id.) Movant contends that he was not an organizer or leader because he "acted alone" and he had no "degree of control over Colegrove." (Id., pp. 7 - 8.) Movant asserts that he did not abuse a position of trust because he was not a "professional" and there was no concealment of the offense. (Id., p. 9.) Finally, Movant complains that trial counsel's failure to object to his enhancement for being an organizer or leader resulted in Movant being "precluded from receiving the safety valve 2 point reduction." (Id., pp. 8 - 9.)

Based upon a review of the record, the undersigned finds that trial counsel was not ineffective in failing challenge Movant's sentencing enhancements. As stated above, the record in this case reflects that Movant's guilty plea was voluntary and made with full knowledge of its consequences. In his Plea Agreement, Movant agreed to a Base Offense Level of 14, a four-level enhancement for being an elected public official, and a two-level enhancement for being an organizer or leader. (Case No. 2:13-00209, Document No. 23, pp. 4 - 5.) During the Plea Hearing, Movant acknowledged that he understood the Sentencing Guidelines and that he was agreeing to sentencing enhancements for being an elected official and for being an organizer or leader. (Id., Document No. 39, pp. 20 - 21.) Movant further agreed to the Stipulation of Facts attached to the Plea Agreement wherein he acknowledged that he managed, supervised and directed the activities of Jerry Colegrove.[4] (Criminal Action No. 2:13-00209, Document No. 23, pp. 8 - 9.) During the

---

[4] Movant stated that he was the purchasing agent and a member of the County Commission of Mingo County. Movant acknowledged that he had the authority to purchase goods and services on behalf of the Commission. Mr. Colegrove was an employee of the Commission, who managed a garage operated by the Commission for the purpose of maintaining Commission-owned vehicles. Movant stated that he routinely completed purchase orders regarding tires from Appalachian Tire, and Mr. Colegrove took delivery of the tires. Movant stated that in June 2009, he directed Mr.

Sentencing Hearing, Movant further acknowledged that he had reviewed the Presentence Report with trial counsel, that he understood the Presentence Report, that the Presentence Report was factually correct, and he had no objections. (Id., Document No. 47, pp. 3 - 5.) Accordingly, the undersigned finds that the two-level enhancement pursuant to U.S.S.G. § 3B1.1(c) for being an organizer or leader was appropriately applied by the District Court and any objection by trial counsel would have been without merit. Next, the undersigned finds that trial counsel was not unreasonable in failing to request a safety valve reduction. Movant clearly did not qualify for a safety valve reduction pursuant to 18 U.S.C. § 3553(f) because he was determined to be an organizer or leader under the Sentencing Guidelines.[5] Finally, there is no indication in the record that Movant received

---

Colegrove to purchase a set of tires for his personal vehicle from Appalachian Tire at the government price. When Appalachian Tire discovered that the tires were for a personal vehicle, Appalachian Tire refused to apply the government discount. Mr. Colegrove told Appalachian Tire that Movant was a powerful official and if they refused to provide the discount, Appalachian would risk losing the business with the Commission. Appalachian Tire continued to refuse to provide the government discount. Movant then contacted Appalachian Tire on June 12, 2009, threatening that the Commission would stop purchasing tires from Appalachian Tire if they did not provide him with the government discount for his personal vehicle. On June 15, 2009, Movant again contacted Appalachian Tire stating that the Commission would no longer purchase tires from Appalachian Tire. Movant then directed Mr. Colegrove to find a different supplier of tires for the Commission and stop purchasing tires from Appalachian Tire. Movant acknowledged that Mr. Colegrove followed his instructions by locating a substitute supplier and ceasing to purchase tires from Appalachian Tire. (Criminal Action No. 2:13-00209, Document No. 23, pp. 8 - 9.)

[5] To qualify for the safety-valve reduction, a defendant must satisfy the five requirements of Section 3553(f):

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;

a sentencing enhancement for abuse of a position of trust pursuant to U.S.S.G. § 3B1.3. (Criminal Action No. 2:13-00209, Document Nos. 43, 46, 47.) Accordingly, Movant's above claims of ineffective assistance of counsel are without merit. See United States v. Kilmer, 167 F.3d 889, 893 (5th Cir. 1999)(stating that "[a]n attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue"); Moore v. United States, 934 F.Supp. 724, 731 (E.D.Va. 1996)(holding that "there can be no claim of ineffective assistance where, as here, counsel is alleged to have failed to raise a meritless argument").

    **C.    Counsel allegedly allowed an unwarranted sentencing disparity.**

In his Motion, Movant argues that trial counsel allowed a sentencing disparity to occur because "counsel never reviewed other cases in Mingo County for first time responsible professionals." (Civil Action No. 2:14-29059, Document No. 50, p. 9.) In support, Movant states that "Darrin McCormick, a Bank manger at Mingo County involved in a widespread workman's compensation scheme involving substantial funds, received 3 years probation." (Id.) As Exhibits, Movant attaches a copy of newspaper articles entitled "Probation for ex-mayor" and "Assessor

---

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of the common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with requirement.

charged with banking violation"[6] (Id., pp. 53 - 55.)

      The undersigned finds that trial counsel was not ineffective by failing to argue that Movant should receive a sentence similar to Darrin McCormick to avoid an unwarranted sentence disparity. Title 18 U.S.C. § 3553(a)(6) provides that when imposing a sentence, the Court must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Although the District Court sentenced Mr. McCormick to three years probation, Mr. McCormick was convicted of Making a Material False Statement in violation of 18 U.S.C. § 1001(a)(2), which carried a maximum term of imprisonment of 5 years. (Criminal Action No. 2:14-00081, Document No. 22.) Further, the newspaper article filed by Movant indicates that Mr. McCormick's "federal sentencing advisory guidelines called for up to 6 months in prison." (Civil Action No. 2:14-29059, Document No. 50, p. 53.) As stated above, Movant was convicted of Affecting Commerce by Extortion in violation of 18 U.S.C. § 1951, which carried a maximum term of imprisonment of 20 years. Additionally, Movant's advisory sentencing range under the Guidelines was 24 to 30 months of imprisonment. Thus, Movant was not found guilty of similar conduct as that of Mr. McCormick. See United States v. Chandia, 675 F.3d 329, 342 (4th Cir. 2012)("comparing the sentences of other defendants with dissimilar offenses, circumstances, and criminal histories is unavailing), cert. denied, ___ U.S. ___, 133 S.Ct. 609, 184 L.Ed.2d 397 (2012). Accordingly, trial counsel was not unreasonable in failing to argue that Movant should receive a sentence similar to Darrin McCormick to avoid an unwarranted sentence disparity. The undersigned

---

[6] Movant further appears to argue that he should receive a sentence similar to Russell Grimmett. The undersigned, however, notes that Mr. Grimmett has not yet been sentenced by the District Court. Additionally, Mr. Grimmet was convicted of Structuring and Aiding and Abetting in violation of 31 U.S.C. § 5324(a)(3) and 18 U.S.C. § 2, which carries a maximum term of imprisonment of 5 years. (Criminal Action No. 2:14-00237, Document Nos. 1, 4, 7, 8).

notes that in his Sentencing Memorandum, trial counsel argued for leniency stating that "[a] sentence of 2 to 2 ½ years appears entirely too severe and greater than is necessary to satisfy the goals of 3553(a)." (Criminal Action No. 2:13-0029, Document No. 28, p. 6.) Trial counsel was successful in his argument for leniency. After considering all factors set forth in Section 3553(a), the District Court sentenced Movant below the advisory guideline range to 20 months imprisonment. (Criminal Action No. 2:13-00209, Document No. 47, pp. 37 - 38.) Accordingly, the undersigned respectfully recommends that Movant's above claim be dismissed.

**D.     Counsel alleged failure to advise the Court of Movant's medical conditions.**

Finally, Movant argues that trial counsel acted ineffectively by failing to inform the District Court of Movant's medical conditions. (Civil Action No. 2:14-29059, Document No. 50, pp. 10 - 11.) Specifically, Movant contends that "counsel did not argue the petitioner's medical condition properly." (Id., p. 10.) Movant states that he has adenocarcinoma of the prostrate, multiple lung nodules with emphysema, and coronary atherosclerosis. (Id.) Movant appears to contend that if counsel had argued his medical conditions properly, the District Court would have only imposed a term of probation. (Id., p. 10 - 11.)

A review of the record reveals that trial counsel adequately informed the District Court of Movant's medical conditions in his Sentencing Memorandum and during the Sentencing Hearing. (Criminal Action No. 2:13-00209, Document Nos. 28 and 47.) During the Sentencing Hearing, trial counsel specifically requested that the Court "take into account this man's medical condition." (Id., Document No. 47, p. 34.) Additionally, Movant made a statement on his own behalf during sentencing wherein he also informed the Court of his "recent discovery of health problems." (Id., Document No. 47, p. 35.) Furthermore, the Presentence Report contained information concerning Movant's medical conditions. (Id., Document No. 46, pp. 18 - 19.) Movant acknowledged that the

information contained in the Presentence Report was correct and that he had no objections. (Id., Document No. 47, pp. 3 - 5.) The undersigned, therefore, finds that trial counsel was not unreasonable in ensuring that the District Court was aware of Movant's medical conditions. Additionally, there is no indication that Movant would have received a different sentence had trial counsel more thoroughly presented Movant's medical conditions to the Court. Accordingly, the undersigned respectfully recommends that Movant's above claim be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 50.) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge John T. Copenhaver, Jr. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Copenhaver, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: February 2, 2015.

R. Clarke VanDervort
United States Magistrate Judge